## L. D. SIMMS V. THE STATE.

No. 22875. Delivered November 8, 1944.

The opinion states the case.

*M. L. Bennett,* of Normangee, and *W. D. Lacey,* of Centerville, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

On May 31st, 1944, we handed down an opinion reversing this cause and remanding it for a new trial. Upon consideration of the State's motion for rehearing we have concluded that we

misunderstood a pertinent fact, which was the basis for that reversal, and have reached the conclusion that the judgment of the trial court should be affirmed. We are therefore withdrawing the original opinion and substituting in lieu thereof the following.

The appeal is from a sentence of two years for burglary. Appellant had been a member of a Masonic Lodge in Leon County which was situated in the second story of a church building. He had been confined for a time in the State Hospital for the insane at Rusk and upon returning to the community, presented himself as a member of the lodge but did not seem to be acceptable on the ground that he was "unfinancial." The lodge was not opened with him present. This seems to have been repeated for four or five months.' Later it was discovered that the door had been broken open and some of the paraphernalia removed. This was found locked in a house on a farm owned by appellant.

The record reflects that appellant testified upon the trial as a witness in his own behalf to affirmative defenses which, if believed by the jury, would have called for an acquittal; they being that he entered the lodge room through an open door and took the belongings of the lodge, not for his personal use, but to protect and keep them safely until they were needed by the lodge. Appellant undertook to testify that prior to taking the things from the lodge room he had "served a term in Rusk State Hospital." This was objected to by the State as not being the best evidence. The objection was sustained, and the subject was not adverted to again during the trial. Whether the court's ruling was or was not correct can not be reviewed because no bill of exception was reserved to the ruling. The trial court submitted the only defensive issue raised by the evidence telling the jury if the door to the lodge room was open or unlocked, as stated by him, to acquit appellant.

After going to the jury upon the defensive issue mentioned, and with an adverse result, it was sought to inject into the case after verdict by motion for new trial the issue of insanity. The motion contains no averment that appellant had been adjudicated to be insane and that this fact was unknown to his counsel at the time of the trial, hence newly discovered. On the contrary the record affirmatively shows that counsel for appellant had known that appellant had been adjudged a lunatic prior to this present alleged offense, but made no effort to present any such defense on the trial. Upon the hearing of the motion for new trial appellant's attorney testified as follows: That he "repre-

sented appellant at the time of his trial about the 11th of October of this year. Prior to that time and on the day it was tried I knew that the defendant L. D. Simms had been adjudged to be an insane person in 1941. No, sir, a certified copy of the judgment entered in that cause was not introduced in evidence. * * * As to why I didn't interpose a defense of insanity, I didn't think it was necessary." This testimony evidently escaped our attention in considering our original opinion and caused us to make a statement otherwise, which is now withdrawn.

Further evidence heard upon the motion revealed the following facts. The offense was alleged to have been committed on the 15th day of August, 1942. On June 12th, 1941 (a year and two months prior thereto) appellant was adjudged to be a lunatic and a person of unsound mind by the County Court of Leon County, and as a result of such adjudication was on September 24th, 1941, committed to the State Hospital for the Insane at Rusk, Texas, where he remained for a period of approximately four months, or until January 19th, 1942, when he was released from that institution on a furlough. Appellant has not since been returned to that institution by reason of said judgment.

On February 13th, 1943, after the commission of the alleged offense, and about a month before the indictment was returned against appellant, which was on March 17th, 1943, an affidavit was filed in the County Court of Leon County charging appellant with insanity at that time.

No hearing appears to have been had on this affidavit. Apparently same has been allowed to remain on file without hearing.

The Assistant Superintendent of the Rusk State Hospital testified relative to appellant's admission into said institution, and the examination and treatment of appellant while a patient therein. He testified that at the time appellant was furloughed from that institution "he was perfectly lucid and knew right from wrong," and that appellant not having been returned after the expiration of his furlough, this constituted an automatic discharge from that institution one year after his furlough, or in January, 1943. Several non-expert witnesses expressed the opinion that appellant was at the time of trial a person of sound mind.

In the light of these facts a reasonable and necessary conclusion to be reached is that appellant attempted to secure at the hands of the jury an acquittal upon facts testified to by him, occurring at the time of and as a defense to, the offense charged. The jury having failed to accept appellant's version of the matter and having convicted him of the offense charged, he then says that he should be accorded a new trial in order that he might claim before another jury that he was insane at the time the offense charged was committed, which fact he expressly refrained from presenting to the jury in the first instance, although same was fully known to himself and counsel at that time.

To say that under such circumstances appellant was entitled to a new trial would be to countenance and to approve acts and conduct amounting to a toying with the courts.

We have concluded that the trial court did not abuse the judicial discretion resting in him in passing upon appellant's motion for a new trial, and that we were in error in ordering a reversal of the case. Such order is now set aside and the judgment of the trial court is now affirmed.